UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.

JEANNA RICE,

    Plaintiff,

v.

ISLAND HOME AND PROPERTIES, LLC, a New York limited liability company d/b/a SUNSET MOTEL; WILSON T. ABRAHAM, an individual; CHERIYAN ABRAHAM, an individual; MATHEW JOB f/k/a MATHEW THOMAS and a/k/a MATTHEW THOMAS,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND JURY TRIAL DEMANDED

Plaintiff, JEANNA RICE, ("RICE"), by and through her undersigned attorney, files this, her Complaint for Damages against Defendants, ISLAND HOME AND PROPERTIES, LLC, a New York limited liability company d/b/a SUNSET MOTEL (hereinafter, "SUNSET"); WILSON T. ABRAHAM (hereinafter, "W. ABRAHAM"), CHERIYAN ABRAHAM (hereinafter "C. ABRAHAM"), MATHEW JOB f/k/a MATHEW THOMAS and a/k/a MATTHEW THOMAS (hereinafter, "JOB"), and states as follows:

## INTRODUCTION

1. This is an action to recover unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"); and, minimum wages under the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

## **JURISDICTION**

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, SUNSET operated a business enterprise (motel), respectively, engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Plaintiff's work for Defendants involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. These materials included office supplies, telephones, credit card processing equipment, tools, electronic equipment, paper, bedding supplies, cleaners, and other materials necessary for the operation of a motel—all manufactured outside the State of Florida.

4. During the relevant time period, each of the Defendants employed at least one other employee besides the Plaintiff, who was "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. §203(s)(1)(A)(i). These materials included office supplies, telephones, tools, cleaners, bedding supplies, computers, electronic equipment, paper, and other materials necessary for the operation of a motel—and, were manufactured outside the State of Florida.

5. In addition to the foregoing, the Plaintiff is entitled to the protections of the FLSA as she was "individually covered" by that statute. During the Plaintiff's employment, she was required to use instrumentalities of interstate commerce on a regular and recurrent basis. The Plaintiff used instrumentalities of interstate commerce (telephone) on a regular and recurrent basis to, *inter alia,* assist in the operating of the Defendants' motel, particularly as to motel guests physically residing

out-of-state. In addition, on a regular and recurrent basis, Plaintiff operated the Defendants' Facebook page, on which she would send and receive messages to prospective guests from throughout the United States.

6. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Middle District of Florida.

7. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Middle of Florida.

## VENUE

8. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida and,

   b. Defendants were and continue to be a corporation and individuals doing business within this judicial district.

## PARTIES

9. At all times material hereto, Plaintiff, RICE was a resident of Polk County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

10. During all times set forth in this Complaint, ISLAND HOME AND PROPERTIES, LLC was a New York limited liability company doing business in Polk County, Florida.

11. At all times material hereto, the Defendants were conducting business in Polk County, Florida.

12. At all times material hereto, Defendants were the employers of Plaintiff, RICE.

13. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA, the Florida Minimum Wage Amendment (FMWA), Article X, §24 of the Florida Constitution, and Section 448.110 Florida Statutes.

14. At all times material hereto, Defendants failed to pay Plaintiff, RICE wages in conformance with the FLSA.

15. Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

16. At all times material hereto, SUNSET was an "enterprise engaged in commerce" within the meaning of the FLSA.

17. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

18. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

19. Commencing on or about 2010, Plaintiff, RICE was hired by the Defendants to work at the SUNSET MOTEL in Lakeland, Florida. Her employment with the Defendants ended on or about November 15, 2020.

20. As part of the Plaintiff's job duties, she was required to be on-premises and respond to motel guest issues late into the night and in the early morning hours.

21. While employed, the Plaintiff operated Defendants' motel office, engaged in housekeeping, rented rooms, dealt with guest problems, counted money, compiled daily logs, did laundry, cleaned linens, cleaned the property and rooms, checked people in/out, made minor repairs, did grounds work, and cleaned up around the Defendants' dumpster.

22. The Defendants' motel was frequently visited by out-of-state residents. Because the Plaintiff frequently worked in the Defendants' office, and because Defendants had Plaintiff handled all guest calls/electronic inquires, the Plaintiff would regularly and recurrent each week, speak to motel guests (or prospective guests) who were outside the State of Florida, regarding motel business.

23. The Defendants failed to keep records in full compliance with the FLSA's recordkeeping requirements.

24. From about 2010 to November 30, 2018, Plaintiff worked seven (7) days per week, about 16 hours per day as aforesaid, or about 98 hours per week, on average.

25. Plaintiff would frequently begin her workday around 9:00 a.m. and work through to about 9:00 p.m., on average. In addition, the Plaintiff would spend about two (2) additional hours per evening or early morning, responding to motel guest questions or problems (*e.g.,* clogged toilet, roaches, etc.)

26. From 2010 through about November 30, 2018, the Defendants paid the Plaintiff zero wages, thereby failing to pay Plaintiff the statutory minimum for each hour worked.

27. From about December 1, 2018 to about November 15, 2020, the Defendants paid Plaintiff only $30.00 per week in exchange for her working approximately 98-hours of work per week.

28. The Plaintiff worked significant hours because she was involved in nearly every aspect of running the Defendants' motel, including but not limited to, working the front desk/office, handling reservations, checking guests in/out, housekeeping, maintenance, cleaning, landscaping, minor repairs, taking payments, making/receiving telephone calls, assisting guests at all times of day and handling customer complaints.

29. The Plaintiff was responsible for the on-site security of the Defendants' motel premises.

30. The Plaintiff was required to be on premises, live in a room at SUNSET and was responsible for responding to motel guest issues at all times of day/night.

31. The room in which Plaintiff lived at SUNSET was dangerous, unhabitable and substandard, and did not comply with local, state and federal requirements for providing housing.

32. The room in which the Plaintiff lived in on the SUNSET motel premises had visible mold growing within it.

33. During Plaintiff, RICE's employment, Defendants failed to pay the Plaintiff at or above the applicable minimum wage for her hours worked.

34. Even though, Plaintiff, RICE worked in excess of forty hours per week, Defendants failed to pay her at the rate of time-and-one-half times the applicable minimum wage.

35. Defendants knowingly, willfully and maliciously operated their business with a policy of not paying minimum and overtime wages, respectively, for each and every hour worked by Plaintiff in conformance with the applicable law.

36. Defendant W. ABRAHAM was the owner and operator of SUNSET and was aware at all times that the Plaintiff was being paid nothing for her work hours by Defendants, or alternatively, was being paid less than the minimum wage. Therefore, he is personally liable for the FLSA violations.

37. Defendant C. ABRAHAM was the co-owner and co-operator of SUNSET and was aware at all times that the Plaintiff was being paid nothing for her work hours by Defendants, or alternatively, was being paid less than the minimum wage. Therefore, she is personally liable for the FLSA violations.

38. Defendant JOB was the co-owner and co-operator of SUNSET, and was aware at all times that the Plaintiff was being paid nothing for her work hours at SUNSET, or alternatively, was being paid less than the minimum wage. Therefore, he is personally liable for the FLSA violations. JOB was also responsible for the supervision of Plaintiff.  Therefore, he is personally liable for the FLSA violations.

39. Plaintiff has retained Bober & Bober, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

40. Plaintiff realleges Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. Plaintiff's employment with Defendants was to consist of a normal workweek for which she was to be compensated at or above the FLSA minimum wage.

42. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid their minimum wages.

43. During Plaintiff's employment, Defendants paid her less than the statutory minimum wage for all of her work hours.

44. From the period of June 29, 2016 through November 30, 2018, during which Plaintiff was paid no wages, and working 98 hours per week, she is owed $100,597.00 for 12,348 hours (98 hours x 126 weeks).

45. From the period of about December 1, 2018 to about November 15, 2020, during which Plaintiff was paid only $30.00 per week, and working 98 hours per week, she is owed $81,721.76 for 9,996 hours (98 hours x 102 weeks).

46. The Defendants acted willfully and maliciously in failing to pay proper minimum wages to the Plaintiff.

47. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

    WHEREFORE, Plaintiff respectfully requests:

    a.    judgment in her favor for all unpaid minimum wages due for 2018 through 2019 as calculated above;

    b.    liquidated damages;

    c.    attorneys' fees and costs pursuant to the FLSA;

    d.    post-judgment interest; and

    e.    all other and further relief this Court deems to be just and proper.

## COUNT II

## VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION

48. Plaintiff, RICE realleges Paragraphs 1 through 39 as if fully stated herein.

49. Pursuant to Article X, Section 24 of the Florida Constitution, Defendants were required to pay Plaintiff at least the applicable Florida minimum wage.

50. During Plaintiff's employment, Defendants paid her less than the statutory minimum wage for all of her work hours (Plaintiff did not receive wages for her work).

51. From the period of June 29, 2016 through November 30, 2018, during which Plaintiff was paid no wages, and working 98 hours per week, she is owed $100,597.00 for 12,348 hours (98 hours x 126 weeks).

52. From the period of about December 1, 2018 to about November 15, 2020, during which Plaintiff was paid only $30.00 per week, and working 98 hours per week, she is owed $81,721.76 for 9,996 hours (98 hours x 102 weeks).

53. The Defendants acted willfully and maliciously in paying Plaintiff below the minimum wage.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against the Defendants:

    a.    Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the minimum wage;

    b.    Awarding Plaintiff all back wages due and owing in the amount calculated above;

    c.    Awarding Plaintiff liquidated damages in the amount equal to her back wages;

    d.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

    e.    Awarding Plaintiff prejudgment and post-judgment interest;

    f.    Finding that Defendants willfully violated Article X Fla. Const., and ordering Defendants to pay a $1,000.00 fine to the State of Florida for *each* such violation;

    g.    declaratory relief pursuant to the Florida Constitution and Florida Statutes finding that employees, including Plaintiff, who worked for the Defendants within the last five years were not paid minimum wage for all hours worked as required; and

    h.    Awarding such other and further relief this Court deems to be just and proper.

## COUNT III

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

54. Plaintiff, RICE realleges Paragraphs 1 through 39 as if fully stated herein.

55. Since Plaintiff's date of hire with Defendants, in addition to Plaintiff's normal regular work week, the Plaintiff worked additional hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half.

56. Plaintiff was entitled to be paid at the rate of time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

57. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by Plaintiff in excess of the maximum hours provided for in the FLSA.

58. As set forth above, the Plaintiff worked about 58 hours of overtime (hours in excess of 40) per week throughout her employment.

59. Excluding the amounts owed for minimum wages above, for 58 hours of overtime per week, the Plaintiff is owed overtime for about 126 weeks, or a total of 7,308 overtime hours.

60. Excluding the minimum wages set forth above, Plaintiff is owed overtime wages from the Defendants in the amount of $30,901.24.

61. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due. Defendants also failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

62. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

63. Due to the willful, malicious and unlawful acts of Defendants, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against the Defendants:

a. Declaring that the Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in the amount calculated ($15,347.75);

c. Awarding Plaintiff liquidated damages;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Date: July 30, 2021.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
2699 Stirling Road
Suite A-304
Hollywood, FL 33312
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com

By:   s/. Peter Bober
      PETER BOBER
      FBN: 0122955