UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEANNA RICE,

    Plaintiff,
v.                              Case No. 8:21-cv-1835-VMC-TGW

ISLAND HOME AND PROPERTIES, LLC,
WILSON T. ABRAHAM, MATHEW JOB,
and CHERIYAN ABRAHAM,

    Defendants.
_____/

**ORDER**

This matter is before the Court on consideration of Defendants Island Home and Properties, LLC, Wilson T. Abraham, Cheriyan Abraham, and Mathew Job's Amended Motion to Dismiss Amended Complaint (Doc. # 20), filed on September 29, 2021. Plaintiff Jeanna Rice responded on October 8, 2021. (Doc. # 24). For the reasons that follow, the Motion is denied.

**I.  Background**

In 2010, Defendants hired Rice to work at the Sunset Motel in Lakeland, Florida. (Doc. # 16 at 4). Defendant Island Home and Properties, LLC, "was a New York limited liability company doing business in Polk County, Florida." (Id. at 3). Defendants Wilson Abraham, Cheriyan Abraham, and Mathew Job were the co-owners and co-operators of the Sunset motel. (Id.

1

at 6-7). Job was also responsible for the supervision of Rice. (Id. at 7).

Rice continued working there until November 15, 2020. (Id. at 4). "While employed, [Rice] operated Defendants' motel office, engaged in housekeeping, rented rooms, dealt with guest problems, counted money, compiled daily logs, did laundry, cleaned linens, cleaned the property and rooms, checked people in/out, made minor repairs, did grounds work, and cleaned up around the Defendants' dumpster." (Id. at 5).

"From about 2010 to November 30, 2018, [Rice] worked seven (7) days per week, about 16 hours per day as aforesaid, or about 98 hours per week, on average." (Id.). Yet, during this time period, "Defendants paid [Rice] zero wages for her work." (Id.). Then, "[f]rom about December 1, 2018 to about November 15, 2020, the Defendants paid [Rice] only $30.00 per week in exchange for her working approximately 98-hours of work per week." (Id.).

Rice was allegedly "required to be on premises, live in a room at [the Sunset Motel] and was responsible for responding to motel guest issues at all times of day/night." (Id. at 6). Her room at the motel was "dangerous, unhabitable and substandard, and did not comply with local, state and federal requirements for providing housing." (Id.).

In short, during her employment, Defendants failed to pay Rice the minimum wage and, even though she worked in excess of 40 hours per week, also failed to pay her overtime. (Id.). Rice alleges "Defendants knowingly, willfully and maliciously operated their business with a policy of not paying minimum and overtime wages, respectively, for each and every hour worked by [Rice] in conformance with the applicable law." (Id.). She further alleges that the Abrahams and Job were aware that Rice "was being paid nothing for her work" or, alternatively, "was being paid less than the minimum wage." (Id. at 6-7).

Rice initiated this action against Defendants on July 30, 2021. (Doc. # 1). She filed an amended complaint on September 15, 2021, asserting claims for unpaid minimum wages under the Fair Labor Standards Act (FLSA) (Count I), unpaid minimum wages under Article X of the Florida Constitution (Count II), and unpaid overtime under the FLSA (Count III). (Doc. # 16). The amended complaint alleges that "Pre-suit notice was provided to all the Defendants on June 30, 2021," and attaches a copy of the pre-suit notice that was sent to Defendants. (Id. at 4 n.1; Doc. # 16-1).

Now, Defendants move to dismiss the amended complaint. (Doc. # 20). Rice has responded (Doc. # 24), and the Motion is ripe for review.

## II. **Legal Standard**

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters

judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

### III. Analysis

#### A.     FLSA Statute of Limitations

Defendants argue that Rice's FLSA claims are time-barred because Rice's "cause of action accrued in 2010. As such, she was required to file suit within two or three years respectively or by 2012 / 2013." (Doc. # 20 at 4). Defendants are incorrect about when Rice's cause of action accrued and for what years of work Rice is seeking to recover.

"An action for minimum wages [or overtime] under the FLSA must be brought within two years." Kaplan v. Code Blue Billing & Coding, Inc., 504 F. App'x 831, 833 (11th Cir. 2013)(citing 29 U.S.C. § 255(a)). "But the statute of limitations extends to three years if the claim is one 'arising out of a willful violation.'" Id. (citation omitted). "The Eleventh Circuit has held that the FLSA is violated 'each time the [employer] issue[s] [the] plaintiff a paycheck that fail[s] to include payment for overtime hours actually worked. . . . Each failure to pay overtime constitutes a new violation of the FLSA.'" Maldonado v. Alta Healthcare Grp., Inc., 17 F. Supp. 3d 1181, 1194 (M.D. Fla. 2014)(quoting Knight v.

5

Columbus, 19 F.3d 579, 581 (11th Cir. 1994)); see also Mitchell v. Jefferson Cnty. Bd. of Educ., 936 F.2d 539, 548 (11th Cir. 1991) (applying the continuing violation theory to actions under the Equal Pay Act and noting that the theory is "applicable to challenges under the [FLSA] for illegal minimum wages or overtime payments"). "Because each violation gives rise to a new cause of action, each failure to pay overtime [or minimum wages] begins a new statute of limitations period as to that particular event." Knight, 19 F.3d at 582.

Thus, while any claim Rice had for wages she should have been paid in 2010 accrued in 2010, her claims for overtime or minimum wages she should have been paid in later years accrued in those years. And Defendants notably ignore the fact that Rice is not seeking to recover for minimum wages or overtime from 2010. Rather, her FLSA claims are limited to seeking "all unpaid minimum wages due for 2018" through the end of her employment in 2020 and "overtime wages under the FLSA for the three [year] period immediately prior to this case being filed." (Doc. # 16 at 8, 10). Indeed, in Count I, Rice notes the start date of her claim for unpaid minimum wages as July 30, 2018 (Id. at 8), which is exactly three years before this case was filed. In short, Rice's FLSA claims are timely as to

6

minimum wages and overtime in the three years preceding the filing of this lawsuit — the time period for which she is seeking relief.

The Court likewise rejects Defendants' argument that Rice cannot plead a claim for willful violation of the FLSA, such that the statute of limitations must be two rather than three years. (Doc. # 20 at 4-5). Here, Rice alleges that Defendants knew Rice worked an average of 98 hours per week at their motel yet paid her at most $30 per week for years. Given these facts, Rice's allegation that Defendants' violations of the FLSA were willful is, to say the least, plausible. Thus, while Rice must eventually prove that the violations were willful by a preponderance of the evidence, Rice may proceed through discovery on the theory that Defendants' FLSA violations were willful. See Maldonado, 17 F. Supp. 3d at 1194-95 ("'To establish that the violation of the [FLSA] was willful in order to extend the limitations period, the employee must prove by a preponderance of the evidence that [her] employer either knew that its conduct was prohibited by the statute or showed reckless disregard about whether it was.' While the Eleventh Circuit has noted that it has never expressly held that willfulness in a FLSA case is a jury question, it has implied as much." (citation omitted)).

7

At this stage of the litigation, the Court will treat the statute of limitations for the FLSA claims as three years.

The Motion is denied as to the FLSA claims.

**B.    Pre-suit Notice under Florida Law**

"Florida's minimum wage is guaranteed by the Florida Constitution." Resnick v. Oppenheimer & Co. Inc., No. 07-80609-CIV, 2008 WL 113665, at *1 (S.D. Fla. Jan. 8, 2008) (citing Fla. Const. art. X, § 24). "The Florida Minimum Wage Act, Fla. Stat. § 448.110, 'provide[s] measures appropriate for the implementation of the [constitutional minimum wage guarantee], in accordance with the authority granted to the Legislature' by Article X, section 24, of the state constitution." Id. (quoting Fla. Stat. § 448.110(2)).

Section 448.110(6) creates a requirement to give pre-suit notice: "prior to bringing any claim for unpaid minimum wages pursuant to this section, the person aggrieved shall notify the employer alleged to have violated this section, in writing, of an intent to initiate such an action." Fla. Stat. § 448.110(6). "The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice." Id.

Defendants argue that the claim for unpaid wages under Article X of the Florida Constitution is due to be dismissed because Rice supposedly failed to provide the statutorily required pre-suit notice. (Doc. # 20 at 5-6). Specifically, Defendants assert: "Absent from the Complaint are any allegations that [Rice] satisfied the pre-suit notice requirements of the FMWA." (Id. at 6).

This is a blatant misrepresentation by Defendants. The amended complaint alleges that Rice provided Defendants with the notice required by Section 448.110 on June 30, 2021 — one month before this case was filed. (Doc. # 16 at 4 n.1). And, indeed, Rice has attached a copy of the notice she provided to Defendants. (Doc. # 16-1). Given the allegation that notice was provided before the filing of this case, the Motion is denied as to the Florida minimum wage claim.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Amended Motion to Dismiss Amended Complaint (Doc. # 20) is **DENIED**. Defendants' answer to the amended complaint is due within fourteen days of the date of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 12th day of October, 2021.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE