```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                   TAMPA DIVISION
```

JEANNA RICE,

    Plaintiff,
v.                                        Case No. 8:21-cv-1835-VMC-TGW

ISLAND HOME AND PROPERTIES, LLC,
WILSON T. ABRAHAM, MATHEW JOB,
and CHERIYAN ABRAHAM,

    Defendants.


ISLAND HOME AND PROPERTIES, LLC,

    Counterclaim-Plaintiff,
v.

JEANNA RICE,

    Counterclaim-Defendant.
_____/

## ORDER

This matter is before the Court on consideration of Plaintiff/Counterclaim-Defendant Jeanna Rice's Motion to Dismiss Counterclaim (Doc. # 57), filed on January 10, 2022. Defendant/Counterclaim-Plaintiff Island Home and Properties, LLC, responded on January 31, 2022. (Doc. # 58). For the reasons that follow, the Motion is granted.

**I.**   **Background**

Rice initiated this action against Defendants on July 30, 2021. (Doc. # 1). She filed an amended complaint on

September 15, 2021, asserting claims for unpaid minimum wages under the Fair Labor Standards Act (FLSA) (Count I), unpaid minimum wages under Article X of the Florida Constitution (Count II), and unpaid overtime under the FLSA (Count III). (Doc. # 16). She alleges that Defendants, including Island Home, hired Rice to work at the Sunset Motel in Lakeland, Florida, from 2010 until November 2020. (Id. at 4). According to Rice, she lived at the motel and worked 98 hours per week. (Id.). Yet, Defendants allegedly paid Rice either nothing for work or, eventually, only $30 per week. (Id.).

Island Home filed a counterclaim for unjust enrichment against Rice. (Doc. # 54). According to the counterclaim, "[f]rom 2010 to 2021, [Rice] failed to pay rent or utilities (including electric and cable) for residing at" the Sunset Motel, owned by Island Home. (Id. at 3). Although Rice knew that the monthly rent for such a room was $2,500, she "accepted the benefit of residing on the premises without paying" Island Home. (Id. at 4). Island Home alleges that Rice's "acceptance and retention of the benefit" — free housing for years — "makes it inequitable for her to retain it without paying the value." (Id.). Thus, Island Home "seek[s] damages in unpaid rent, including electric and cable bills for the period of 2010 to 2021." (Id.).

Rice moves to dismiss the counterclaim. (Doc. # 57). Island Home has responded (Doc. # 58), and the Motion is ripe for review.

## II. Legal Standard

A facial jurisdictional challenge under Rule 12(b)(1) occurs when the motion to dismiss "accepts the [complaint's] version of jurisdictionally-significant facts as true and addresses their sufficiency." Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001). "For such facial attacks, a court will look only at the complaint and will take 'all of the allegations in the complaint as true to determine whether a [party] has adequately alleged a basis for subject matter jurisdiction.'" Fernandez v. Xpress Painting Corp., No. 12-21738-CIV, 2012 WL 3562255, at *2 (S.D. Fla. Aug. 17, 2012) (quoting Fox v. Morris Jupiter Assocs., No. 05-80689-CIV-MARRA, 2007 U.S. Dist. LEXIS 70884, at *6, 2007 WL 2819525 (S.D. Fla. Sept. 21, 2007) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990))). In the present action, Rice's jurisdictional challenge constitutes a facial attack as she does not challenge the veracity of Island Home's counterclaim. The Court therefore accepts the truth of the counterclaim for purposes of this Motion.

3

Under 28 U.S.C. § 1367(a), when a federal district court has original jurisdiction in any civil action, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Supreme Court has interpreted this "case or controversy" requirement to "confer jurisdiction over supplemental claims that arise from a 'common nucleus of operative fact' in connection with a federal claim." Promex, LLC v. Perez Distrib. Fresno, Inc., No. 09-22285-CIV-MORENO, 2010 U.S. Dist. LEXIS 90677, at *34, 2010 WL 3452341 (S.D. Fla. Sept. 1, 2010) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724-25 (1966)). In analyzing supplemental jurisdiction issues, the Eleventh Circuit in particular has looked to whether the state claims "'involve the same witnesses, presentation of the same evidence, and determination of the same, or very similar, facts' as the federal claims." Id. (quoting Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1563-64 (11th Cir. 1994)).

### III. Analysis

First, Rice argues that this Court lacks supplemental jurisdiction over the counterclaim because the counterclaim is not compulsory. (Doc. # 57 at 3-4).

"Where a Complaint sets forth a basis for federal jurisdiction, this Court also has supplementary jurisdiction over compulsory counterclaims." Bullion v. Ramsaran, No. 07-61463, 2008 WL 2704438, at *1 (S.D. Fla. July 7, 2008). A compulsory counterclaim, unlike a permissive counterclaim, "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1). "The Eleventh Circuit utilizes the 'logical relationship' test to determine if a counterclaim arises out of the same transaction or occurrence." Serra v. Shriners Hosps. for Child., Inc., No. 8:18-cv-2682-VMC-AAS, 2019 WL 857980, at *2 (M.D. Fla. Feb. 22, 2019) (citing Republic Health Corp. v. Lifemark Hosps. of Fla., Inc., 755 F.2d 1453, 1455 (11th Cir. 1985)). "Under this test, there is a logical relationship when 'the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant.'" Republic Health Corp., 755 F.2d

at 1455 (quoting Plant v. Blazer Fin. Servs., Inc., 598 F.2d 1357, 1361 (5th Cir. 1979)).

According to Rice, the counterclaim is permissive because her "claim for denial of minimum wages and overtime pay and Island's Counterclaim for unjust enrichment based on twelve years of past due rent and utilities, do not arise out of the same operative facts." (Doc. # 57 at 4). And, Rice reasons, the supposedly permissive counterclaim "requires an independent basis of federal jurisdiction; however, no independent federal jurisdiction has been or can be alleged for a purely state law unjust enrichment counterclaim." (Id. at 5).

The Court agrees that the counterclaim is permissive. Rice's claims for unpaid wages do not arise from the same set of operative facts as the unjust enrichment counterclaim. See Lee v. Kennesaw Drywall & Supply, Inc., No. 1:20-CV-3808-AT, 2021 WL 1345526, at *3 (N.D. Ga. Apr. 12, 2021) (finding negligence counterclaims to be permissive because "the operative facts for Plaintiffs' [FLSA] claims involve wages and hours worked whereas the operative facts for the counterclaims involve issues of control over equipment, alleged negligent conduct, amounts paid for repairs, etc."). While the amended complaint acknowledges that Rice lived at

the motel during her employment (Doc. # 16 at 6), her claims are not based on her residence there and she does not allege that free rent was her payment for her work. Rather, her claims are focused solely on her work for Island Home and the other Defendants, for which Defendants allegedly did not pay her at all or paid her far below the minimum wage and with no overtime pay.

Because the counterclaim is permissive, the Court must next analyze whether it may nevertheless exercise supplemental jurisdiction over the counterclaim. "Prior to 1990, the prevailing view in federal courts was that a court could only consider a permissive counterclaim if there was an independent basis for federal jurisdiction over the counterclaim." Berry v. Lewis Trucking & Grading, No. 1:06-CV-0041-JEC/AJB, 2007 WL 9701930, at *8 (N.D. Ga. Mar. 23, 2007). "For instance, the Eleventh Circuit held in 1989 that for a federal court to have jurisdiction over permissive counterclaims, the counter claimant had to assert an independent jurisdictional basis." Id. (citing E.-Bibb Twiggs Neighborhood Ass'n v. Macon Bibb Plan. & Zoning Comm'n, 888 F.2d 1576, 1578 (11th Cir. 1989)). "The Eleventh Circuit has not examined the effect of 28 U.S.C. § 1367's 1990 enactment on the Bibb case, but one District Court decision has

7

explicitly questioned whether Bibb's holding survives § 1367's enactment, while at least two other unpublished cases have implicitly found that § 1367 superseded Bibb." Id. (citations omitted). "Those courts that have considered the issue of whether a court has jurisdiction over permissive counterclaims following the 1990 enactment of § 1367 generally have held that a permissive counterclaim may be considered even if the district court does not have an independent basis for jurisdiction if the counterclaim is part of the same case or controversy." Id.; see also Zambrana v. Geminis Envios Corp., No. 08-20546-CIV-MOORE, 2008 WL 2397624, at *2 (S.D. Fla. June 10, 2008) ("A permissive counterclaim, on the other hand, may nevertheless give rise to federal subject matter jurisdiction if the state-law counterclaim is 'so related' to the underlying federal claims that they 'form part of the same case or controversy' under 28 U.S.C. § 1367(a).").

Even if an independent jurisdictional basis is not required,[1] the Court lacks supplemental jurisdiction over the

---

[1] The unjust enrichment counterclaim does not assert an independent basis for federal jurisdiction. Although the counterclaim alleges "above $75,000" in damages, complete diversity is insufficiently pled. (Doc. # 54 at 2-3). Rice is alleged to reside in Florida but is not alleged to be a Florida citizen. See Taylor v. Appleton, 30 F.3d 1365, 1367

counterclaim because it does not share a common nucleus of operative fact with Rice's claims. See Fernandez, 2012 WL 3562255, at *3 (finding no supplemental jurisdiction over breach of contract and unjust enrichment counterclaims because "[w]hile Plaintiffs will offer proof of the number of overtime hours worked and amount of unpaid wages owed [to support their FLSA claims], Defendants will submit independent evidence of contracts that Xpress Painting entered into with Valdes and Iglesias"). Most importantly, different evidence will be needed to prove Rice's unpaid wages claims and Island Home's unjust enrichment claim based on unpaid rent. See Vallesillo v. Remaca Truck Repairs, Inc., No. 09-80714-CIV-MARRA, 2009 WL 4807397, at *2 (S.D. Fla. Dec. 4, 2009) ("The pivotal question before the Court then is

---

(11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). Also, the counterclaim merely alleges that Island Home is "a New York limited liability company doing business in Polk County, Florida." (Id. at 3). Because Island Home has not alleged the citizenships of all its members, it has not properly alleged its citizenship. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) ("To sufficiently allege the citizenships of [a limited liability company], a party must list the citizenships of all the members of the limited liability company . . . . Because Comcast failed to do so, it failed to carry its burden of establishing diversity of citizenship."). Therefore, the Court cannot conclude that diversity jurisdiction exists for the counterclaim.

9

whether the Counterclaim [for failure to pay rent for housing rented from defendant employer] and the FLSA claim arise out of a common nucleus of operative facts. The Court finds that it does not. Simply put, the evidence and witness testimony needed to prove the FLSA violation will differ greatly from the evidence needed to prove the Counterclaim. Presumably, Plaintiffs will present evidentiary records relating to hours worked and pay received from Defendants . . . . In contrast, Defendants will need to show evidence of the oral agreement entered into between the parties and the subsequent breach of the agreement."); see also Nelson v. CK Nelson, Inc., No. 07-61416-CIV, 2008 WL 2323892, at *2 (S.D. Fla. June 2, 2008) (dismissing unpaid rent counterclaims for lack of supplemental jurisdiction in an FLSA case because "these claims do not rely on identical actions of the parties and will require separate proof to demonstrate the allegedly wrongful conduct").

Although both the amended complaint and counterclaim involve the same parties, this alone is insufficient to establish supplemental jurisdiction. See Vallesillo, 2009 WL 4807397, at *2 ("The only factor these claims share in common is that they concern identical parties; *i.e.,* Plaintiffs and Defendants. The Court finds such a nexus too attenuated to

10

meet the standard for exercising supplemental jurisdiction."); Nelson, 2008 WL 2323892, at *2 (same). Thus, the counterclaim is dismissed for lack of jurisdiction.

Alternatively, assuming that the Court could exercise supplemental jurisdiction over the permissive counterclaim, the Court would decline to do so as permitted by Section 1367(c). See 28 U.S.C. § 1367(c) (permitting a court to decline to exercise supplemental jurisdiction over a state law claim if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction").

As Rice persuasively argues, the unjust enrichment counterclaim "would 'substantially predominate' over [her] unpaid wage claims" because the Court "would be required to hear evidence regarding alleged private debts (cable, rent, electric) which [Island Home] does not even allege arises from an employment relationship" and Rice "would be required to introduce evidence regarding the substandard and unsanitary nature of the Defendant's motel, which would

11

impact whether rent could be charged at all." (Doc. # 57 at 7). Furthermore, "[i]t is well recognized that courts are 'hesitant to allow employers to assert state-law counterclaims against employees in FLSA cases.'" Lee, 2021 WL 1345526, at *3 (quoting Pioch v. IBEX Eng'g Servs., Inc., 825 F.3d 1264, 1273 (11th Cir. 2016)).

However, the dismissal of the counterclaim for lack of supplemental jurisdiction in this case should not prevent Island Home from pursuing its unjust enrichment claim against Rice in another court.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff/Counterclaim-Defendant Jeanna Rice's Motion to Dismiss Counterclaim (Doc. # 57) is **GRANTED.** The counterclaim is dismissed without prejudice for lack of subject matter jurisdiction.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 7th day of February, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE