UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.  8:21-cv-01835-VMC-TGW

JEANNA RICE,

      Plaintiff,


v.


ISLAND HOME AND PROPERTIES, LLC, a
New York limited liability company d/b/a
SUNSET MOTEL; WILSON T. ABRAHAM,
an individual; CHERIYAN ABRAHAM, an
individual; MATHEW JOB f/k/a MATHEW
THOMAS and a/k/a MATTHEW THOMAS,

      Defendants.

_____/

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND TO DISMISS WITH PREJUDICE

The Plaintiff, JEANNA RICE and the Defendants, ISLAND HOME AND

PROPERTIES, LLC d/b/a SUNSET MOTEL, WILSON T.

ABRAHAM, CHERIYAN ABRAHAM, and MATHEW JOB f/k/a

MATHEW THOMAS and a/k/a MATTHEW THOMAS, hereinafter collectively

referred to as the "Parties," by and through the undersigned counsel, hereby file this

Joint Motion to Approve Settlement Agreement and to Dismiss with Prejudice, and

state the following in support thereof:

The Plaintiff's case arises under the Fair Labor Standards Act ("FLSA"), 29

U.S.C. §201 *et seq.* for unpaid minimum and overtime wages. *See* Amended

<u>Complaint</u> (ECF 22).  The Plaintiff has also brought a claim for minimum wages under the Florida Constitution's Minimum Wage Amendment ("FMWA"), Art. X §24 Fla. Const. *Id.*

The Plaintiff alleges she was employed at the Defendants' motel, assisted motel guests and performed a variety of hospitality-related tasks.  *See* <u>Amended Complaint</u> at ¶¶21-3.  Despite working seven days per week, the Plaintiff alleges the Defendants paid her *nothing* as weekly wages (or alternatively, $30 per week).  *Id.* at ¶¶28-9.

The Defendants deny that the Plaintiff was an employee of the Sunset Motel. Instead, the Defendants allege the Plaintiff was merely a guest at the motel during the time-period which she alleges an employment relationship; the Defendants argue that the Plaintiff worked no hours for them. Further, the Defendants argue that the Plaintiff received free lodging in connection with any services she performed in connection with the motel.

Besides the Parties arguing whether an employment relationship existed between the Parties, there exist numerous factual disputes including, but not limited to:

(a)     the number of hours worked by Plaintiff;

(b)     whether the Plaintiff worked overtime hours even if she was an employee of the Defendants;

(c)     the role of the individual Defendants, Wilson Abraham, Cheriyan Abraham, and Mathew Job, and whether they were sufficiently involved in the operation of the Sunset Motel and/or the employment

2

of the Plaintiff for them to be personally liable as "employers" under the FLSA;

(d)    whether Defendants willfully violated the FLSA;

(e)    whether the Plaintiff is entitled to liquidated damages;

(f)    whether Defendants receive a set off, and in what amount, for the free lodging received by Plaintiff; and

(g)    whether the Defendants' records comply with the FLSA's recordkeeping provisions.

The Parties, through their counsel, were involved in extensive settlement negotiations, over several months, and in-depth discussions about the case. After significant litigation, and based on discussions between counsel, analysis, and exchange of information, the parties stipulate and represent that there is a *bona fide* dispute between the Parties regarding the merits of Plaintiff's case, the back wages and relief claimed therein.

Notably, the subject motel where the Plaintiff allegedly worked, the Sunset Motel, is no longer in business. Thus, a primary consideration in resolving the case at this juncture is the ability of the Defendants to pay a settlement or judgment. Even if the Plaintiff were able to prevail for more money than the settlement reached herein, significant financial constraints would exist.

Based on the facts and arguments discussed and presented between the Parties, Plaintiff and Defendants have agreed to resolve this case in its entirety on terms which they mutually stipulate and agree are fair, reasonable, and adequate.

Accordingly, Defendants agreed to pay the sum of **$75,000.00** to resolve this case (comprised of $29,500 in wages; $29,500 in liquidated damages and $16,000 as attorneys' fees and costs).   The amount Defendants agreed to pay for the aforementioned attorney's fees and costs in this case was agreed upon separately from the amounts they have agreed to pay the Plaintiff.  A copy of the Settlement Agreement is attached to this Motion as **Exhibit A**.

The Settlement Agreement will result in Plaintiff receiving installment payments.  Under the terms of settlement, the Defendants will pay the entire $75,000.00 by October 31, 2022.  Notably, and among other things, should the Defendants fail to timely pay any of the installments, the Plaintiff will be entitled to a final judgment for $150,000 less any amounts paid. *See* **Exhibit A.**

## DISCUSSION

A compromised FLSA settlement becomes final and enforceable if it is supervised by either the Department of Labor or a court. *See Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). Before approving an FLSA settlement, a court must scrutinize it to determine if it constitutes a fair and reasonable resolution of a *bona fide* dispute. *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id.*

With respect to attorney's fees and costs, scrutiny is not required where the Parties stipulate that the sum to be paid "was agreed upon separately and without regard to the amount paid to the plaintiff." *Bonetti v. Embarq Management Co.*,

715 F.Supp.2d 1222, 1228 (M.D.Fla.2009). Where such a stipulation is made, and the settlement is otherwise reasonable on its face, there is no reason to conclude that the Plaintiff's recovery "was adversely affected by the amount of fees paid to his attorney." *Id.*

The amount of Plaintiff's recovery represented a compromise based upon a *bona fide* dispute as to the issues of whether wages are owed to Plaintiff; the number of hours worked by Plaintiff, the liability, if any, of the individual defendants. Had the Defendants proven that the Plaintiff was not an FLSA "employee" the Plaintiff would have received nothing for her overtime claim, even if she proved to have worked hours in excess of 40 per week. Alternatively, even if the Plaintiff had prevailed, her ability to collect a judgment, if at all, would depend on which Defendants, if any, were ultimately, found liable—particularly where the Sunset Motel is out of business.

**WHEREFORE**, the Parties respectfully request that this Court enter an Order approving the attached Settlement Agreement, retain jurisdiction to enforce the Defendants' payment obligations, and dismissing this action with prejudice.

Respectfully submitted this 27th day of May 2022 by,

| BOBER & BOBER, P.A. | COLE, SCOTT & KISSANE, P.A. |
|---|---|
| Counsel for Plaintiff | Cole, Scott & Kissane Building |
| 2699 Stirling Road, Suite A-304 | 9150 S. Dadeland Boulevard, Suite 1400 |
| Hollywood, Florida 33312 | P.O. Box 569015 |
| Tel: 954-922-2298 | Miami, Florida 33256 |
| Fax: 954-922-5455 | Telephone (786) 268-6415 |
| Email: peter@boberlaw.com | Fax (305) 373-2294 |

| | Email:  cody.german@csklegal.com |
|---|---|
| By: */s/. Peter Bober, Esq.*<br>Florida Bar No.: 0122955<br>Counsel for Plaintiff | B*y /s/. Cody German*<br>Florida Bar No.: 58654<br>Counsel for Defendants |